No. 10,129.

ALFRED JARDET vs. BOARD OF LIQUIDATION.

Under the terms of Section 1 of Act 11 of 1875, the Board of Liquidation is prohibited from issuing bonds of the State in lieu of its outstanding obligations, bearing date antecedent to its passage, until the legality and validity of same had been first determined and established by final decree of this Court.

Necessarily, the duty of the plaintiff was to prosecute an appeal to this Court, in order to obtain such final decree, notwithstanding there was judgment in his favor in the lower court.

APPEAL from the Seventeenth District Court, parish of East Baton Rouge. *Burgess*, J.

*Read & Goodale* and *W. S. Benedict*, for Plaintiff and Appellant.
*M. J. Cunningham*, Attorney General, for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J.   Judgment was rendered in the court below on default in plaintiff's favor, declaring the warrants sued on to be legal and valid obligations of the State, and directing and requiring the defend- ant board to fund the same, and issue bonds of the State in exchange therefor.

The plaintiff has brought up this appeal in conformity with the re- quirements of section 1 of act 11 of 1875, which prohibits the Board of Liquidation from issuing State bonds in lieu of outstanding obligations of the State that were issued previous to its passage, " the legality or validity of which may have been, or may hereafter be questioned, un- til said bonds, or warrants, shall first, by final decree of the Supreme Court of the State of Louisiana, have been declared legal and valid ob- ligations of the State, and that same were issued in strict conformity to law, and not in violation of the Constitution of the State, or of the United States, and for a valid consideration." This he was bound to do.   33 Ann. 124, State ex rel. Meyers vs. Board of Liquidation ; 37 Ann. 176, Charles vs. Board of Liquidation.

There is nothing apparent from an inspection of the warrants to im- peach their validity or legality ; and neither their validity or legality have been questioned by the Governor or Attorney General. It is, therefore, fair to presume that they are unquestionably valid.

Judgment affirmed.